**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ANN M. ASCHER,

    Plaintiff,

v.                                                 Case No: 8:17-cv-272-MSS-JSS

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

## ORDER

**THIS CAUSE** comes before the Court for consideration of Plaintiff's Uncontested Petition for EAJA Fees, (Dkt. 21), and Judge Julie S. Sneed's Report and Recommendation, (Dkt. 23), recommending that the Court grant Plaintiff's motion. Plaintiff's counsel seeks fees in the amount of $7,366.87 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, for 34.7 hours of work at the rate of $195 per hour for worked performed in 2017 and 2.9 hours of work at the rate of $198.75 per hour for work performed in 2018, for a total of $7,342.87 in attorneys' fees and $24 in paralegal fees. Defendant does not oppose the motion.

On May 7, 2018, Judge Sneed recommended that the motion be granted. (Dkt. 23) Neither Party filed an objection to the Report and Recommendation, and the deadline to do so has expired.

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the Magistrate Judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall

make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ., 896 F.2d 507, 512 (11th Cir.1990) (quoting H.R. 1609, 94th Cong. § 2 (1976)). In the absence of specific objections, there is no requirement that a district judge review factual findings *de novo,* Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject, or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C). The district judge reviews legal conclusions *de novo,* even in the absence of an objection. See Cooper-Houston v. Southern Ry., 37 F.3d 603, 604 (11th Cir. 1994).

Upon consideration of the Report and Recommendation, in conjunction with an independent examination of the file, the Court is of the opinion that the Report and Recommendation should be **ADOPTED IN PART**. The Court adopts Judge Sneed's recommendation that Plaintiff's Motion for attorney's fees be granted as to the entitlement to and amount of attorney's fees, but finds that Plaintiff's request for paralegal fees in the amount of $24 is due to be denied, as the record reflects that the work performed by the paralegal appears to have been entirely clerical. See Jean v. Nelson, 863 F.2d 759, 778 (11th Cir. 1988) (Paralegal fees are recoverable under the EAJA only "to the extent that the paralegal performs work traditionally done by an attorney.")

Accordingly, based on the foregoing, it is hereby **ORDERED** that:
1. Plaintiff's Uncontested Petition for EAJA Fees, (Dkt. 21), is **GRANTED IN PART and DENIED IN PART**.

2. The Report and Recommendation issued by Judge Sneed, (Dkt. 23), is **CONFIRMED** and **ADOPTED IN PART**.

3. Plaintiff Ann M. Ascher shall recover from Defendant attorneys' fees in the amount of $7,342.87, payable directly to Plaintiff's counsel if the Commissioner determines that Plaintiff does not owe a debt to the government.

4. The Court denies Plaintiff's request for paralegal fees in the amount of $24.

**DONE** and **ORDERED** in Tampa, Florida, this 12th day of June, 2018.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person